UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMIE LEE JACKSON,<br>　　　　　　Petitioner,<br>　　v.<br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br>　　　　　　Respondent. | Case No. 16-cv-06848-JD<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 11 |

Tommy Lee Jackson, a pro se state prisoner, has brought a habeas petition under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on the grounds that the petition is barred by the statute of limitations. Jackson has not filed an opposition or otherwise communicated with the Court. The Court has still looked to the merits of the motion, which is granted.

**STATUTE OF LIMITATIONS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on petitions for writs of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. §

2244(d)(2). The one-year period generally will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The one-year period may also start running from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by United State Supreme Court Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review); *Bowen*, 188 F.3d at 1159 (same).

In 1997, Jackson pleaded no contest to second degree robbery and grand theft. Motion to Dismiss ("MTD") Ex. A at 14-17, Ex. B at 1. He also admitted two prior serious felony convictions, two prior strike convictions and two prior prison terms. MTD Ex. A at 15-17, Ex. B at 1. Jackson was sentenced to twenty-five years to life with a consecutive ten-year term. MTD Ex. B at 1. On December 2, 1998, the California Court of Appeal vacated the grand theft conviction, but otherwise affirmed the judgment. MTD Ex. B at 6. Jackson did not seek review with the California Supreme Court. Jackson filed several state habeas petitions starting on May 28, 2015. Petition at 37; MTD Exs. C, D, E, F. The petitions were denied. This federal petition was filed on November 29, 2016.

Petitioner's one-year limitations period began to run in 1999 and expired in 2000. *See* 28 U.S.C. § 2244(d)(1). This federal petition filed in 2016 is untimely absent tolling. Jackson's state habeas petitions were all filed fifteen or more years after the expiration of the statute of limitations. He will not receive statutory tolling for these petitions because they were filed after the expiration of the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended

before the state petition was filed," even if the state petition was timely filed). Thus, this petition is untimely.

Even though Jackson has not filed an opposition, it appears from the petition that he argues for a delayed commencement of the limitations period pursuant to § 2244(d)(1)(C). Under § 2244(d)(1)(C), the one-year limitations period starts on the date on which "the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Jackson contends in the petition that California's Three Strikes Law's definition of a "serious and violent felony" is unconstitutionally vague and violated his right to due process in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* was found to be retroactive on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016).

However, *Johnson* is not relevant to Jackson's case. On June 26, 2015, the United States Supreme Court issued its decision in *Johnson*, which held that the "residual clause" of the definition of "violent felony" in the federal Armed Career Criminal Act ("ACCA") violated the Due Process Clause because it was unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2555-56. Specifically, the Supreme Court explained that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id*. at 2557.

The *Johnson* decision is irrelevant here. Jackson's state prison sentence was neither enhanced under ACCA's "residual clause" nor was his conviction based on any state analog of that federal criminal statute. Jackson was convicted of robbery and his sentence enhanced due to two prior convictions for false imprisonment with infliction of great bodily injury and forcible oral copulation. MTD Ex. A at 11, 15-17. Under California law these offenses are defined as "serious" and "violent." Cal. Penal Code §§ 667(a), 667.5(c)(5) & (8), 1192.7(c)(5) & (8). To the extent that the Supreme Court took issue with the ACCA terminology of violent felony in *Johnson*, that ruling has no bearing on the different terminology under California state law, and Jackson points to no similarities with the California state definitions and those in the ACCA.

Thus, *Johnson* is not applicable in this case, and Jackson is not entitled to a later start date of the statute of limitations. The petition is untimely by sixteen years.

**CONCLUSION**

1. Respondent's motion to dismiss (Docket No. 11) is **GRANTED** and this case is **DISMISSED**. The Clerk shall close this case.

2. A certificate of appealability ("COA") will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court declines to issue a COA regarding the procedural holding and the underlying claims of the petition.

**IT IS SO ORDERED.**

Dated: January 16, 2018

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TOMMIE LEE JACKSON,

    Plaintiff,

v.

PEOPLE OF THE STATE OF CALIFORNIA, et al.,

    Defendants.

Case No. 16-cv-06848-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 16, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tommie Lee Jackson ID: H-36252
Central Facility
C-Wing-227Low
P.O. Box 689
Soledad, CA 93960-0689

Dated: January 16, 2018

Susan Y. Soong
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO